Dec 4, 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**14-20884-CR-WILLIAMS/SIMONTON**

CASE NO. _____

18 U.S.C. § 1341
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

LESLIE ROBERTS,

           **Defendant.**

_____ /

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At various times relevant to this Information:

1. P.M. was a living popular artist working in a studio located in New York, New York ("the New York studio"). Artwork created by P.M. had great value.

2. Each piece of artwork created by P.M. was assigned a unique serial number and certificate of authenticity issued by the New York studio.

3. Max in the Grove was an art gallery located at 2996 McFarlane Road Miami, Florida and was engaged in the business of selling artworks, including purported artworks by P.M.

4. Defendant **LESLIE ROBERTS** was the owner of Max in the Grove.

## MAIL FRAUD
### (18 U.S.C. § 1341)

From in or around April 2010, through in or around September 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

## LESLIE ROBERTS,

did knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and attempting to do so, did knowingly cause to be delivered certain mail matter by UPS, a private and commercial interstate carrier, according to the directions thereon, for the purpose of executing the scheme and artifice.

## PURPOSE OF THE SCHEME AND ARTIFICE

5. It was the purpose of the scheme for the defendant to unlawfully enrich himself by obtaining and misappropriating money and artworks from clients of Max in the Grove by making materially false and fraudulent representations, and by the concealment of material facts, concerning, among other things, the purported sale of the clients' P.M. paintings on a consignment basis and the authenticity of the paintings sold.

## THE SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the object of the scheme and artifice included, among others, the following:

6. **LESLIE ROBERTS** obtained forged and fraudulent copies of P.M. artworks.

7. **LESLIE ROBERTS** falsely represented to clients of Max in the Grove that the forged and fraudulent copies of P.M. artworks were authentic by, among other things, showing the

clients false and fraudulent serial numbers and certificates of authenticity.

8.  **LESLIE ROBERTS** sold the forged and fraudulent P.M. artworks to the clients based upon his false and fraudulent representation that the works were authentic.

9.  **LESLIE ROBERTS** obtained authentic P.M. artworks from various clients ("the consignment clients"), which he agreed to sell on a consignment basis.

10. **LESLIE ROBERTS** sold the authentic P.M. artworks obtained from the consignment clients.

11. **LESLIE ROBERTS** falsely and fraudulently told the consignment clients that their authentic P.M. artworks had not sold.

12. **LESLIE ROBERTS** then returned forged and fraudulent P.M. artworks to the consignment clients and falsely and fraudulently represented that the P.M. artworks he returned to them were authentic.

## USE OF THE MAILS

13. In or around late July 2011, the defendant, **LESLIE ROBERTS**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly cause to be delivered certain matter and things, that is, thirteen forged and fraudulent P.M. artworks, from **LESLIE ROBERTS**, in Miami, Florida, to E.S., in Round Hill, Virginia, delivered by UPS, a private interstate commercial carrier, according to the directions thereon.

In violation of Title 18, United States Code, Sections 1341 and 2.

## **FORFEITURE**
## (18 U.S.C. § 981(a)(1)(C))

1. The allegations of this Information are realleged and by this reference are fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **LESLIE ROBERTS**, has an interest.

2. Upon conviction of the offense charged in this Information, the defendant, **LESLIE ROBERTS**, shall forfeit all of his right, title and interest to the United States in any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), and the procedures set forth in Title 21, United States Code, Section 853.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
AMANDA PERWIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE NO. _____

vs.

LESLIE ROBERTS,                   **CERTIFICATE OF TRIAL ATTORNEY***

          Defendant.
_____/  **Superseding Case Information:**

**Court Division:** (Select One)          New Defendant(s)          Yes ____   No ____
                                          Number of New Defendants  ____
__X__ Miami    ____ Key West              Total number of counts    ____
____ FTL       ____ WPB       ____ FTP

    I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    No
   List language and/or dialect   _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                          (Check only one)

   I    0 to 5 days         __X__            Petty     _____
   II   6 to 10 days        _____            Minor     _____
   II   11 to 20 days       _____            Misdem.   _____
   IV   21 to 60 days       _____            Felony    __X__
   V:   61 days and over    _____

6. Has this case been previously filed in this District Court?   (Yes or No)   No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes:
   Magistrate Case No.                 _____
   Related Miscellaneous numbers:      _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of   _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   _____ Yes   __X__ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   _____ Yes   __X__ No

                                                _____
                                                AMANDA PERWIN
                                                Assistant United States Attorney
                                                Florida Bar No. 46814

*Penalty Sheet(s) attached                                                                        REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **LESLIE ROBERTS**

**Case No:** _____

Count #: 1

Mail Fraud

Title 18, United States Code, Section 1341

* **Max. Penalty**: Twenty (20) years' imprisonment

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**