UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20884-CR-WILLIAMS

UNITED STATES OF AMERICA

v.

LESLIE ROBERTS,

        Defendant.
_____/

## PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida (the "Office") and LESLIE ROBERTS (the "defendant") enter into this plea agreement (the "Agreement").

1. The defendant agrees to plead guilty to Count 1 of the Information, which charges the defendant with mail fraud, in violation of Title 18, United States Code, Section 1341.

2. The Office agrees to seek dismissal of any remaining counts of the Information, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines, and that the Court will make that computation relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the defendant's guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guideline range that it has computed, and may raise or lower that advisory sentence under the

Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that range; the Court is permitted to tailor the defendant's ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1, and that the defendant may not withdraw the defendant's plea solely as a result of the sentence imposed.

4. The defendant understands and acknowledges that, as to Count 1, the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to 5 years, and a fine of up to $250,000. The Court must also order restitution, and the defendant agrees to pay restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this Agreement, the Court shall impose a special assessment in the amount of $100. The defendant agrees that the defendant shall pay any special assessment imposed at the time of sentencing.

6. The Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning any offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Agreement, the Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. Acknowledging that the parties' recommendations as to sentencing are not binding on the probation office or the Court, the Office and the defendant agree that, at sentencing:

(a) the Office shall recommend that the Court reduce by 3 levels the offense level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility;

(b) the Office and the defendant shall recommend that the relevant loss amount attributable to this defendant under Sections 2B1.1(b)(1) and 1B1.3 of the Sentencing Guidelines resulting from the offense committed in this case is between $400,000 and $1,000,000; and

(c) other than a potential enhancement for number of victims pursuant to Section 2B1.1(b)(2)(A) of the Sentencing Guidelines, no other enhancements apply

Finally, the Office agrees to recommend that the defendant be sentenced at the low end of the advisory Sentencing Guideline range, as that range is determined by the Court at sentencing. The Office will not be required to make the sentencing recommendations outlined in this Agreement if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the Office prior to entering this Agreement; or (3) commits any misconduct after entering into this Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant is aware that the defendant's sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable Sentencing Guidelines range or sentence that the defendant may receive, whether that estimate comes from the

defendant's attorney, the Office, or the probation office, is a prediction, not a promise, and is not binding on the Office, the probation office or the Court. The defendant understands further that any recommendation that the Office makes to the Court as to sentencing, whether pursuant to this Agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges that the defendant may not withdraw the defendant's plea based upon the Court's decision not to accept any sentencing recommendation made by the defendant, the Office, or a recommendation made jointly by both the defendant and the Office.

    9. The defendant agrees to entry of a money judgment in an amount constituting gross proceeds traceable to the commission of the offense and is therefore subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7). The defendant agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of any of her property, real or personal, to satisfy the money judgment. The defendant also agrees to assist the United States in all proceedings involving the forfeiture of her rights, title, and interest, in any substitute property that may be used to satisfy the forfeiture money judgment. Such assistance requires the following, among other things:

    (a) the defendant shall complete a Financial Statement, which shall be provided by the United States herewith, within thirty days of the Court's acceptance of the defendant's guilty plea;

    (b) the defendant shall agree to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture as a substitute property; and;

(c) the defendant shall assist in the transfer of such substitute property by delivery to the United States, upon the United States' request, of all necessary and appropriate documentation with respect to such property, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to such property.

The defendant knowingly and voluntarily agrees to waive any claim or defense the defendant may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets. The defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture or further notification of any judicial or administrative forfeiture proceedings brought against said assets. The defendant agrees to waive any appeal regarding forfeiture.

10. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's denaturalization and automatic removal from the United States.

11. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange

5

for the undertakings made by the Office in this Agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or a variance from the Sentencing Guidelines range that the Court establishes at sentencing. The defendant further understands that nothing in this Agreement shall affect the Office's right or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the Office appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this Agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this Agreement with counsel. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

12. The defendant agrees that the defendant shall cooperate fully with the Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the Office; and (c) if requested by the Office, working in an undercover role under the supervision of, and in compliance with the instructions of, law enforcement officers and agents. In addition, the defendant agrees that the defendant will not protect any person or entity through false information or omission, that the defendant will not falsely implicate any person or entity, and that the defendant will not commit any further crimes. The Office reserves the right to evaluate the nature and extent of the

defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If, in the sole and unreviewable judgment of the Office, the defendant's cooperation is of such quality and significance to the investigation or prosecution of any criminal matter as to warrant the Court's downward departure from the advisory range calculated under the Sentencing Guidelines, the Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines, or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance, and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this Agreement requires the Office to file any such motion, and that the Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of the Office's filing or not filing a motion to reduce the defendant's sentence. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the Office, or to otherwise reduce the defendant's sentence on account of any cooperation by the defendant.

13.     Other than the terms and conditions contained in a proffer letter between the Office and the defendant dated October 7, 2013, this is the entire agreement and understanding between the Office and the defendant. There are no other agreements, promises, representations, or understandings between the parties.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 2/5/2015            By: _____ A.Z. for _____
                              AMANDA PERWIN
                              ASSISTANT UNITED STATES ATTORNEY

Date: 2-5-2015            By: _____
                              MICHAEL MIRER
                              ATTORNEY FOR DEFENDANT

Date: 2-5-2015            By: _____
                              LESLIE ROBERTS
                              DEFENDANT

8