UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20884-CR-WILLIAMS

UNITED STATES OF AMERICA

vs.

LESLIE ROBERTS,

    **Defendant.**
_____/

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S <u>PRO SE</u> MOTION TO REDUCE SENTENCE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby responds in opposition to Defendant Leslie Roberts' <u>pro se</u> Motion to Reduce Sentence ([ECF No. 101]).

1. On February 5, 2015, the Defendant pled guilty to mail fraud charges in connection with a scheme to sell forged artworks to customers of his Coconut Grove gallery. (Factual Proffer [ECF No. 15]).

2. On July 10, 2018, the Defendant made his initial appearance before the Honorable Magistrate Judge Jonathan Goodman on a petition for revocation of supervised release (see [ECF No. 69]). One of the conditions of his bond required the Defendant to comply with the conditions of supervised release, which included a related-concern restriction prohibiting Defendant from "own[ing], operat[ing], act[ing] as a consultant, be[ing] employed in, or participat[ing] in any manner, in any art of painting sales or related concerns during the period of supervision." (<u>See</u> <u>id.</u> at 2; Amended Judgment [ECF No. 59] at 4). Despite this prohibition, and despite the fact that the revocation petition specifically referenced Defendant's repeated violations of the related-

concern restriction, Defendant continued to engage in sales of fine art in the days following his release on bond. Accordingly, Judge Goodman revoked Defendant's bond after a contested hearing ([ECF No. 77]).

3. On September 14, 2018, at Defendant's final hearing on the violations of supervised release, the Defendant admitted that he continued to work in the art business, despite the related-concern restriction and the conditions of his bond. (See [ECF No. 93] ("Defendant admits violations 14 thru 21 of the Superseding Petition"). The Court revoked the term of supervised release and remanded the Defendant to the custody of the Bureau of Prisons for a term of five (5) months, to be followed by two (2) years of supervision with all previous conditions to remain in full force and effect. (See [ECF No. 95] ("Order of Revocation")).

4. Now, the Defendant wishes to be released from custody so that he can return home for Christmas. Although he was represented in the criminal case and revocation proceedings by competent defense counsel, the Defendant recently filed a pro se letter ([ECF No. 101]) with the Court asking for early release. See Local Rule 11.1(d)(4) ("Whenever a party has appeared by attorney, the party cannot thereafter appear or act on the party's own behalf in the action or proceeding, or take any step therein, unless an order of substitution shall first have been made by the Court, after notice to the attorney of such party, and to the opposite party"); see also Heath v. McNeil, No. 1:09cv148/MCR, 2009 WL 4673755, at *2 (N.D. Fla. Dec. 8, 2009) (citing analogous local rule and granting motion to strike petitioner's various pro se filings where petitioner was represented by counsel).

5. The government opposes this request, not because it is unsympathetic to the timing of Defendant's release, but because it is concerned that incarceration has not brought about a change in the Defendant's conduct.

6. The government recently learned that, shortly after the revocation of his supervised release term, the Defendant sent emails to an art customer with the initials E.S.

7. E.S. provided to the FBI an email dated September 18, 2018, in which the Defendant (or, more likely, someone writing on behalf of the Defendant from his "Howard Roberts"[1] email account) wrote to the customer saying "I ran into some major personal problems." The customer was requesting a refund for undelivered artworks, including works purportedly created by popular contemporary artists such as Andy Warhol. According to the customer, the artworks were purchased from the Defendant for just over $270,000.

8. In response, in an email dated October 1, 2018, the Defendant told the customer that he would attend to her request for a refund after he recovered from surgery: "Its only 12 weeks away for me to go back to work from my surgery and therapy recovery and heal . . . . Ill be back in 12 weeks from my surgery and back to work and Ill handle everything and send your family a special gift for waiting for me." Notably, this 12-week period coincides with the Defendant's projected release date. In the email, the Defendant promised to deliver a "very good piece" to the customer's father upon his return.

9. It appears that the Defendant is back in the art business and, more troublingly, once again lying to clients. The government will continue to investigate this matter. In the meantime, the government cannot agree to the relief the Defendant is now requesting, assuming the Bureau of Prisons is even capable of granting the Defendant's commutation request.

Accordingly, the United States respectfully opposes the Defendant's pro se filing.

---

[1] The Defendant apparently does business under the name "Howard Roberts." (See Government's Hearing Exhibit [ECF No. 80-7] at 9).

3

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

By:   /s/ Christopher B. Browne
        Christopher B. Browne
        Assistant United States Attorney
        Southern District of Florida
        Florida Bar No. 91337
        99 Northeast 4th Street, 4th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9419
        Facsimile: (305) 536-4699
        E-mail: christopher.browne@usdoj.gov

**CERTIFICATE OF SERVICE AND CONFERRAL**

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on November 30, 2018.

        /s/ Christopher B. Browne
        Assistant United States Attorney